UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARIAN ALEXANDER BROOKS,<br><br>Plaintiff,<br><br>vs.<br><br>ZACHARY RUNGE, Correctional officer at Jamison Annex Prison, individual capacity,<br><br>Defendant. | 4:25-CV-04002-ECS<br><br><br>ORDER DENYING MOTION TO AMEND AND DENYING MOTION FOR COUNSEL |

Pro se Plaintiff Marian Brooks moves the Court to join seven defendants to his Complaint. Doc. 16 at 1. Brooks further moves the Court to appoint counsel. Id. For the reasons stated below, the motions are denied.

I.  **Motion to Amend**

At this stage in the litigation, Brooks "may amend [his Complaint] only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). Defendant opposes the amendment. Doc. 17. Even still, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Courts need *not* grant leave to amend, however, if granting such leave would be futile." H & Q Props. v. Doll, 793 F.3d 852, 857 (8th

Cir. 2015) (citation omitted). An amendment would be futile if "the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Cornelia I. Crowell GST Tr. v. Possis Med., Inc., 519 F.3d 778, 782 (8th Cir. 2008). In other words, a proposed amendment "must contain sufficient allegations, which accepted as true, 'state a claim for relief that is plausible on its face.'" Meinen v. Bi-State Dev. Agency, 101 F.4th 947, 950 (8th Cir. 2024) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Defendant argues that Brooks fails to clear this plausibility threshold for all proposed defendants because he supplies the new defendants' names but "no additional information to support why such individuals and entities should be added." Doc. 17 at 3. Taking a cue from that argument, Brooks attempts to fill the gaps with later filings. Docs. 18–19. But the offending conduct Brooks alleges remains unmatched to any ostensible defendant. See generally Docs. 18–19. So the Court cannot "draw the reasonable inference that [any of Brooks' proposed defendants] is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

One exception is proposed defendant Karla Kalb, a Clerk of Court, who Brooks alleges denied him access to paperwork. Doc. 19 at 2. This allegation appears to be tied to Fourth and Seventh Amendment arguments this Court already dismissed from this case with prejudice. Id.; see Brooks v. State of S.D. Cts., No. 4:25-CV-04002-ECS, 2025 WL 2142312, at *4 (D.S.D. July 29, 2025). Under a broad construction, it is possible Brooks is instead claiming a denial of his First Amendment right to the access of courts. But to state such a claim, Brooks would have to plausibly allege he was (1) denied access to the courts, and (2) that Kalb acted "with some intentional motivation to restrict his access to the courts." Morris v. City of Chillicothe, 512 F.3d 1013, 1020 (8th Cir. 2008) (citing Scheeler v. City of St. Cloud, 402 F.3d 826, 830 (8th Cir.

2

2005)). Brooks does neither. Merely stating that Kalb "fail[ed] to do [the] job [of] a clerk of court" does not give rise to a cause of action. Doc. 19 at 2.

Elsewhere, Brooks seeks to reinstate as defendants the State of South Dakota and Minnehaha County Jail Staff, both of which this Court terminated from the action for being improper defendants. Brooks, 2025 WL 2142312, at *4; see Doc. 17 at 3.

The Court finds Brooks' proposed amendment would be futile. Compounding this defect, Brooks fails to comply with our Local Rule 15.1, which requires "any party moving to amend or supplement a pleading [to] attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified." This rule applies in equal force to pro se litigants. Mercy v. Bettelyoun, No. 5:25-CV-05068-RAL, 2026 WL 372134, at *1 (D.S.D. Feb. 10, 2026).

## II.    Motion for Counsel

Brooks states, "I do not know what I am doing," and that he needs counsel to help him with his case. Doc. 16 at 1. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). "In determining whether to appoint counsel to a pro se litigant, this Court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claim." Schneider v. Badhand, No. 3:24-CV-03008-ECS, 2024 WL 4615776, at *4 (D.S.D. Oct. 30, 2024) (citing Stevens, 146 F.3d at 546). At this time, Brooks' surviving claim is not complex, and the Court believes he is able to investigate the facts and present his claim adequately.

## III.   Order

For the above stated reasons and the record now before this Court, it is hereby

ORDERED that Brooks' Motion to Amend Complaint, Doc. 16, is denied.  It is further

ORDERED that Brooks' Motion to Appoint Counsel, Doc. 16, is denied.

DATED this 26th day of February, 2026.

                BY THE COURT:

                _____
                ERIC C. SCHULTE
                UNITED STATES DISTRICT JUDGE